UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO VAZQUEZ MATA (A-Number: 240-136-046),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,<br><br>Respondents. | No. 1:26-cv-04911-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Docs. 1, 7 |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 21, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release. Doc. 7. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On August 4, 2026, respondents filed objections, objecting "for the reasons stated in their Answer to Petition for Writ of Habeas Corpus." Doc. 8.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the

findings and recommendations are supported by the record and proper analysis. In their Answer to the petition, respondents argued that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). But the Ninth Circuit rejected respondents' statutory interpretation in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).

The Court ORDERS:

1. The findings and recommendations issued on July 21, 2026, Doc. 7, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents are ORDERED to release petitioner Fernando Vazquez Mata (A-Number: 240-136-046) immediately. If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]
4. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.
5. The Clerk is directed to serve Central Valley Annex with a copy of this Order.
6. The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated: August 6, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.